<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NELSON MAWALLA,<br><br>            Plaintiff,<br><br>   v.<br><br>LAKEWOOD BOARD OF EDUCATION, et al.,<br><br>            Defendants. | Civil Action No. 23-02734 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

<u>**CASTNER, United States District Judge**</u>

      This matter comes before the Court on motion of Defendants Lakewood Board of Education, Lori Babiak, and Spruce Street School (LBOE Defendants) to dismiss the complaint of pro se Plaintiff Nelson Mawalla, pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6). (ECF Nos. 1, 7, 9, 20.) Mawalla opposed, and the LBOE Defendants did not reply. (ECF Nos. 21, 22, 23.) The Court carefully considered the parties' submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the LBOE Defendants' motion is **GRANTED**.

**I.     BACKGROUND**

      Mawalla claims that the LBOE Defendants and Seman-Tov bus company violated the "right of children to be treated" in a "fair and safe manner." (ECF No. 9 at 3.)[1] Mawalla alleges that the LBOE Defendants refuse to act on his complaints about unsafe conditions on his child's school bus and the bullying of Mawalla's child at school. (ECF No. 9 at 3.) Mawalla alleges that

---

[1]     The Court granted Mawalla's application to proceed *in forma pauperis*. (ECF No. 10.)

the bus driver uses illicit substances on the bus and often arrives up to two hours late. When Mawalla complains to the bus company, his complaints are disregarded. (ECF No. 9 at 5.) Mawalla also implies that Babiak, his daughter's schoolteacher, wrongfully reported to the Department of Children and Families, Division of Child Protection and Permanency, that his child was abused—an allegation that the Department investigated and ultimately determined was unfounded. (ECF No. 9 at 5-6; Compl. Ex. 1, 4/25/23 Letter, ECF No. 9-7.)

The LBOE Defendants move to dismiss for three reasons. *First*, the complaint does not specify the basis for subject-matter jurisdiction. Though Mawalla asserts that his action involves a federal question (ECF No. 9-4),[2] his complaint does not reference any federal statute, rule, or constitutional provision. It merely asserts an "unspecified right of children to be treated in a fair and safe manner." (ECF No. 20-2 at 8; *see* ECF No. 9 at 3.) *Second*, the complaint fails to state a claim upon which relief can be granted. (ECF No. 20-2 at 12.) Rather than providing a "short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the complaint omits any cause of action, leaving the LBOE Defendants to guess what Mawalla's causes of action are and against whom he asserts them (ECF No. 20-2 at 13). *Finally*, Mawalla's tort-sounding claims are barred by his failure to file a notice in accordance with New Jersey's Tort Claims Act. (*Id.* at 16.)

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)—Lack of Subject-Matter Jurisdiction

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The LBOE Defendants raise a facial challenge. A facial

---

[2]  Complete diversity of citizenship does not appear to exist.

challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). On a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021). Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

    **B.**    **Rule 12(b)(6)—Failure to State a Claim Upon Which Relief Can Be Granted**

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of

"showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (citation and some quotation marks omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g.*, *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). The facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Though "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction

Mawalla's complaint does not identify a federal basis for this Court's subject-matter jurisdiction. In his opposition papers, Mawalla clarifies that he brings his civil rights action under 42 U.S.C. § 1983 for violations of equal protection rights under the Fourteenth Amendment to the United States Constitution. (ECF No. 21 at 1, 3; ECF No. 22 at 1; ECF No. 23 at 1-2.) But

4

Mawalla cannot amend his complaint through a brief opposing a motion to dismiss. *See Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007))). As a result, "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa*, 67 F. Supp. 2d at 438. That defect alone warrants dismissal of this action under Rule 12(b)(1).

## B. Section 1983 Claim

Even if the Court could infer that Mawalla intended to assert a § 1983 claim under the Equal Protection Clause of the Fourteenth Amendment, the complaint still would not state such a claim.[3]

To state a claim under § 1983, a plaintiff must prove that (1) "the conduct complained of was committed by a person acting under color of state law;" and (2) "the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Section 1983 does not create any rights; it only "provides private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (citing 42 U.S.C. § 1983); *see Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations

---

[3] To be sure, "[a] complaint need only contain allegations to give 'the defendant *fair notice* of what the . . . claim is and the grounds upon which it rests.'" *Carpenters Health v. Mgmt. Res. Sys. Inc.*, 837 F.3d 378, 384 (3d Cir. 2016) (quoting *Twombly*, 550 U.S. at 555). And "a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers;'" courts "review the pleading to ensure that it has 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); then *Iqbal*, 556 U.S. at 678). But Mawalla's complaint, in its current form, does not provide even fair notice of the federal claim that Mawalla notes in his opposition papers.

of those rights created by the Constitution or federal law." (citing *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979))).

Mawalla arguably invokes the Equal Protection Clause, asserting the "right of children to be treated" in a "fair and safe manner" and the right of children to "equal protection under State public school system[s]." (ECF No. 9 at 3; ECF No. 23 at 3.) The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a § 1983 claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, (2) he was treated differently from similarly situated individuals, and (3) this disparate treatment was based on his membership in the protected class. *Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019) (citing *Kasper v. Cnty. of Bucks*, 514 F. App'x 210, 214-15 (3d Cir. 2013)).

Mawalla's complaint lacks well-pleaded allegations covering each element. Mawalla does not allege that he or his child belongs to a protected class. The rights alleged flow in part from his child's status as a child. But "minor children" have not been treated as a protected class for purposes of the Equal Protection Clause. *See Magnum v. Archdiocese of Philadelphia*, 253 F. App'x 224, 230 (3d Cir. 2007). Nor does Mawalla allege specific instances where he or his child was treated differently from similarly situated individuals based on membership in a protected class. As a result, even the most liberal reading of Mawalla's complaint does not reveal a viable cause of action. Thus, dismissal of Mawalla's federal claim under Rule 12(b)(6) is also appropriate.[4]

---

[4] As mentioned, the LBOE Defendants also challenge the viability of Mawalla's tort-sounding allegations. But having ruled that Mawalla's complaint states no federal claim, the Court "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Masco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). So to the extent that the Court

IV.     **CONCLUSION & ORDER**

For the reasons set forth above, and other good cause shown,

**IT IS** on this 10th day of July 2024 **ORDERED** as follows:

1. The LBOE Defendants' motion to dismiss (ECF No. 20) is **GRANTED**.

2. Mawalla's complaint (ECF No. 9) is **DISMISSED** without prejudice.

3. Mawalla may have this case reopened if, within 30 days after entry of this Memorandum Order, he files an amended complaint to the extent that he can cure the deficiencies set forth above. Failure to file an amended complaint within that time will render the dismissal with prejudice or final. *See Mann v. A.O. Smith Corp.*, Civ. No. 21-2361, 2023 WL 2344225, at *2 (3d Cir. Mar. 3, 2023) ("A district court's dismissal without prejudice for failure to state a claim is converted into a dismissal with prejudice if plaintiff 'declar[es] his intention to stand on his complaint' by failing to timely amend it. . . ."); *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("When that 30-day period expired, the District Court's decision became final.").

4. The Clerk's Office is directed to **TERMINATE** the LBOE Defendants' motion, mail Mawalla a copy of this Memorandum Order, and **CLOSE** this case.

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

could construe Mawalla's complaint as also asserting state law claims, the Court declines to exercise supplemental jurisdiction over those remaining, non-federal claims. *See A.S. v. Ocean Cnty. Fire Acad.*, Civ. No. 19-11306, 2021 WL 1169013, at *4 (D.N.J. Mar. 26, 2021).

7