NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

NELSON MAWALLA,

                Plaintiff,

    v.

LAKEWOOD BOARD OF EDUCATION et al.,

          Defendants.

</td><td>

Civil Action No. 23-02734 (GC) (JBD)

**MEMORANDUM OPINION**

</td></tr>
</table>

**CASTNER, District Judge**

       **THIS MATTER** comes before the Court upon Defendants Lakewood Board of Education, Lori Babiak, and Spruce Street School's (collectively, the "LBOE Defendants") Motion to Dismiss (ECF No. 33) the First Amended Complaint ("FAC") (ECF No. 31) of *pro se* Plaintiff Nelson Mawalla, pursuant to the Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6).[1] Plaintiff opposed and the LBOE Defendants replied. (ECF Nos. 35, 36.) Plaintiff also submitted an additional opposition brief. (ECF No. 38.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the LBOE Defendants' Motion is **GRANTED.**

---

[1]      This motion is brought solely by the LBOE Defendants and does not include Defendant Seman-Tov School Bus. Plaintiff brought a Motion for Default Judgment against Seman-Tov, (ECF Nos. 40, 41, 42) and Seman-Tov responded via a Cross Motion to Set Aside Default (ECF No. 44). Those motions are currently pending before this Court and will be decided separately.

## I.    <u>BACKGROUND</u>

### A.    **Factual Background**[2]

#### 1.    DCF Investigation

Plaintiff is a single father with sole custody of his children.  (*Id*. at 3.)  Plaintiff claims that, on December 11, 2023, Defendants called the New Jersey Department of Children and Families (DCF) and falsely reported him for child abuse and neglect.  (ECF No. 31 at 2.)[3]  Plaintiff contends that this is the second instance of the Defendant falsely reporting him to DCF and was done two days after Defendant received summons in this case.  (*Id*.)  During DCF's investigation, Plaintiff states that his child admitted to lying to the agency after being coerced by Defendants.  (*Id*.)  DCF closed the case on January 8, 2024.  (*Id*.)  Plaintiff states that the investigation caused "[a]lienation of [a]ffection between Plaintiff and his minor [child]."  (*Id*.)  Plaintiff also experienced anxiety, stress, and depression, as well as weight gain and high blood pressure due to Defendants' actions. (*Id*.)

#### 2.    School Bus Bullying Incident

On January 10, 2024, Plaintiff contacted Piner Elementary School principal, Lindsay Chirichello, and reported three instances in which his child was bullied on the school bus.  (*Id*.) According to Plaintiff, Chirichello reacted in an "irrational" manner.  (*Id*.)  During her conversation with Plaintiff, Chirichello allegedly put Plaintiff's child on the phone "with other employees around" and coerced the child to say that no bullying occurred on the school bus.  (*Id*.)  At some

---

[2]    On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[3]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

point, Plaintiff alleges that Defendants also asked, "why is mom of minors not present?" which Plaintiff contends is an instance of gender discrimination. (*Id.* at 2-3.)[4]

### B.    Procedural Background

On May 19, 2023, Plaintiff brought this action against the LBOE Defendants and Seman-Tov School Bus. (*See* ECF No. 1, 7, 9.) LBOE Defendants moved to dismiss. (ECF Nos. 20, 21, 22, 23). The Court granted LBOE Defendants' Motion to Dismiss, finding that Plaintiff (i) failed to identify a federal basis for this Court to exercise subject matter jurisdiction; and (ii) failed to state a claim under 42 U.S.C. § 1983. (ECF No. 25 at 4-5.)

Plaintiff filed his First Amended Complaint (FAC) on August 20, 2024. (ECF No. 32.) Plaintiff asserts a claim under 42 U.S.C. § 1983,[5] along with state law claims under the New Jersey Civil Rights Act (NJCRA), N.J. Stat. Ann. § 10:6-2, New Jersey's Law Against Discrimination (NJLAD), N.J. Stat. Ann. § 10:5-1, and N.J. Stat. Ann. § 2C:30-6, a New Jersey criminal statute pertaining to deprivation of civil rights. (*Id.* at 2-3.) The LBOE Defendants filed their Motion to Dismiss on August 23, 2024. (ECF No. 33.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Elec. Inc. v. United States*,

---

[4]    In his opposition papers, Plaintiff includes an additional allegation that his children's civil rights were violated when DCF stripped his children's clothes. (ECF No. 35 at 4.) Plaintiff's children do not appear to be a party to this action. Furthermore, Plaintiff cannot amend his complaint through a brief opposing a motion to dismiss. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[5]    The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

220 F.3d 169, 176 (3d Cir. 2000). The LBOE Defendants raise a facial challenge. A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). On a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021). Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### B.     Rule 12(b)(6) – Failure to State a Claim

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of

"showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### C. Rule 8(a) - Pleading Requirements

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (citation and some quotation marks omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g.*, *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). The facial plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Though "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### D. *Pro Se* Leniency

Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d.Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "'Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v.*

5

*Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

Defendants argue that Plaintiff fails to state a claim upon which relief may be granted and that, alternatively, Plaintiff's claims fail for lack of subject matter jurisdiction. This Court agrees and dismisses Plaintiff's FAC without prejudice.

### A.    Section 1983 Claim

To state a claim under § 1983, a plaintiff must prove (1) "that the conduct complained of was committed by a person acting under color of state law;" and (2) "that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Section 1983 does not create any rights; it only "provides private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (citing 42 U.S.C. § 1983); *see Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law" (citing *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979))).

Plaintiff claims that, after Defendants were served with the Complaint in this action, they displayed "erratic panic behavior" and called DCF in retaliation against Plaintiff. (ECF No. 31 at 2.) Plaintiff also alleges that Defendants coerced his child to lie to the agency. (*Id.*)

While there is a constitutionally protected liberty interest in the custody, care, and management of their children," that interest is not absolute. *Croft v. Westmoreland Cnty. Child. & Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997). In particular, the right to family integrity "does not include the right to remain free from child abuse investigations." *Surina*, 2018 WL 3617970, at *7 (quoting *Croft*, 103 F.3d at 1125). There are no allegations that DCF removed Plaintiff's children from his home or that they threatened to do so. *See Kelly v. Pier*, Civ. No. 16-3417, 2017 WL 3397030, at 9-10 (D.N.J. Aug. 8, 2017) (finding that child abuse investigations, absent any subsequent actions such as child removal, do not infringe on a protected constitutional right). In fact, Plaintiff states that DCF found the allegations to be unfounded and closed the case soon after the home visit. (ECF No. 31 at 2.)

Even so, "an action that would otherwise be permissible is unconstitutional if it is taken in retaliation for [filing a lawsuit]," which is what Plaintiff appears to be asserting here. *Bradley v. Pittsburgh Bd. of Educ.,* 910 F.2d 1172, 1177 (3d Cir. 1990) (collecting cases in which the principles governing retaliation for the exercise of the right to access to the courts are applied in various contexts). To properly state a retaliation claim under § 1983, Plaintiff must show (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

Plaintiff claims that Defendants made false allegations to DCF less than a week after being served in connection with this lawsuit. (ECF No. 31 at 2.) While access to the courts is constitutionally protected conduct, *Bradley*, 910 F. 2d at 1177, Plaintiff's failure to specify which Defendant was involved in the retaliatory action prevents the Court from undertaking further

analysis.  This Court has consistently held that "a complaint may not indiscriminately attribute wrongdoing to a group of defendants, leaving [the defendants] to guess as to who allegedly did what[.]"  *Yu-Chin Chang v. Upright Fin. Corp*., Civ. No. 19- 18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020) (collecting cases).  Given the named Defendants include municipal actors, an individual (Lori Babiak), and a private entity (Seman-Tov School Bus), the analysis of a § 1983 retaliation claim may differ depending on who was involved.[6]  Because the Court cannot ascertain which Defendants Plaintiff claims are liable, the retaliation claim must be dismissed without prejudice.

Plaintiff also invokes the Fourteenth Amendment, asserting that it provides him with the "protection of all equal civil rights as any other race, skin color, gender or national origin."  (ECF No. 31 at 3.)  The Court construes Plaintiff as asserting a claim under the Equal Protection Clause. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  To state a cognizable claim for denial of equal protection under § 1983, a plaintiff must allege that (1) he is a member of a protected class, (2) he was treated differently from similarly situated individuals, and (3) this disparate treatment was based on his membership in the protected class.  *Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019) (citing *Kasper v. Cnty. of Bucks*, 514 F. App'x 210, 214-15 (3d Cir. 2013)).

---

[6]     For example, "local governments, such as school districts, cannot be held liable under § 1983 for the acts of their employees.  Instead, local governments may be found liable under § 1983 for 'their own illegal acts.'"  *Mann v. Palmerton Area Sch. Dist*., 872 F.3d 165, 174–75 (3d Cir. 2017) (quoting *Connick v. Thompson,* 563 U.S. 51, 60, (2011)).  To the extent Plaintiff is alleging that the Lakewood Board of Education is liable, Plaintiff would need to demonstrate that the Board implemented a policy or custom that caused a constitutional violation.  *Id*. at 175 ("A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation.").

Plaintiff alleges that "Plaintiff['s] right[s] [were] violated by [D]efendant based on his skin [color] and his gender as a single parent."  (ECF No. 31 at 2.)   While the FAC states that an unspecified Defendant asked Plaintiff "[w]hy is mom of minors not present?", this statement alone is insufficient to show that Plaintiff was treated differently than similarly situated individuals based on his race or gender.  The FAC does not provide the context in which the statement was made, nor does it specify which Defendants were involved or responsible for such a statement.  To the extent this claim relates to Plaintiff's interactions with Lindsay Chirichello and Piner Elementary School, neither party is named in this action.

Indeed, the individual LBOE Defendants are not even mentioned in the FAC.  Thus, the Court cannot assess whether the named Defendants are still proper parties to the present case.  *See Alexander v. Experian*, Civ. No. 23-2964, 2023 WL 8600221, at *1 (E.D. Pa. Dec. 12, 2023) (finding that when the plaintiff named Experian as a defendant, but alleged facts that Equifax caused the injury, "the Court must conclude the [p]laintiff has named the wrong defendant and dismiss the action without prejudice"); *Williams v. Bond*, Civ. No. 22-7513, 2023 WL 2784387, at *2 (D.N.J. Apr. 5, 2023) (dismissing case because "the [c]omplaint contains almost no factual allegations as to [the d]efendants' actions," given the "allegations appear to stem from his stay at the Union County Jail, but the three [d]efendants are officials at South Woods State Prison").  As a result, even a liberal reading of the FAC does not reveal a viable cause of action.  Therefore, dismissal of Plaintiff's § 1983 claim must be dismissed.

### B.    State Law Claims

The LBOE Defendants also challenge Plaintiff's state tort claims.  Having ruled that Plaintiff's FAC states no federal claim, the Court "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)

(emphasis in original).  Because this case is still in the preliminary stages, the Court declines to exercise jurisdiction over the remaining state claims.

**IV.**    <u>**CONCLUSION**</u>

For the foregoing reasons, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 33) is **GRANTED**. Plaintiff's FAC (ECF No. 31) is **DISMISSED** without prejudice with respect to the Lakewood Board of Education, Spruce Street School Lakewood, and Lori Babiak only.  An appropriate Order follows.


Dated: February 26 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE