NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON MAWALLA,<br><br>     Plaintiff,<br><br> v.<br><br>LAKEWOOD BOARD OF EDUCATION *et al.*,<br><br>     Defendants. | Civil Action No. 23-02734<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff Nelson Mawalla's Amended Motion for Default Judgment (ECF No. 42) and Defendant Seman-Tov, Inc.'s Cross-Motion to Set Aside the Default (ECF No. 44) pursuant to Federal Rule of Civil Procedure (Rule) 55.[1] The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion for Default Judgment is **DENIED**, and Seman-Tov's Cross-Motion to Set Aside the Default is **GRANTED**.

**I. BACKGROUND**

  This matter arises out of allegations that Defendant Seman-Tov, a private school bus operator, failed to ensure the safety of Plaintiff's child while riding the school bus. (*See* ECF No. 9.) Plaintiff alleges that the bus drivers employed by Seman-Tov used illicit substances, arrived

---

[1] Defendant Seman-Tov, Inc. is improperly pled as Seman-Tov School Bus. Defendant's Motion also seeks to extend the time to answer or otherwise respond to Plaintiff's First Amended Complaint.

up to two hours late, and drove away without ensuring that children were safely with their parents. (*Id*. at 3-5.)[2] Plaintiff states his complaints were ignored by Seman-Tov. (*Id*. at 5.)[3]

Plaintiff filed a Complaint on May 19, 2023. (ECF Nos. 1, 9.) On January 2, 2024, a Summons was issued, and the Complaint was properly served on an employee of Seman-Tov. (ECF No. 16.) The Complaint was also properly served on Defendants Lakewood Board of Education, Spruce Street School and Lori Babiak (LBOE Defendants). (ECF Nos. 15, 17-18.) The LBOE Defendants filed a Motion to Dismiss the Complaint, which the Court granted on July 10, 2024. (ECF No. 25.)[4]

Plaintiff filed a First Amended Complaint (FAC) on August 7, 2024. (ECF No. 31.)[5] Plaintiff asserts a claim under 42 U.S.C. § 1983 along with state law claims under the New Jersey Civil Rights Act (NJCRA), N.J. Stat. Ann. § 10:6-2, New Jersey's Law Against Discrimination (NJLAD), N.J. Stat. Ann. § 10:5-1, and N.J. Stat. Ann. § 2C:30-6, a New Jersey criminal statute pertaining to deprivation of civil rights. (*Id*.)

Two days later, Plaintiff requested that the Clerk enter a default against Seman-Tov for failure to respond. (ECF No. 28.) On August 12, 2024, the LBOE Defendants filed a second

---

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] The Court only recites the facts pertinent to Defendant Seman-Tov and presumes the reader's familiarity the Court's prior decisions in this case, which recite the full factual background with respect to the other Defendants. (*See* ECF Nos. 25, 48.)

[4] The Court granted LBOE Defendant's First Motion to Dismiss for lack of subject matter jurisdiction and for Plaintiff's failure to state a claim under 42 U.S.C. § 1983. (ECF No. 25 at 4-5.)

[5] Plaintiff filed the FAC on August 7, 2024, (ECF No. 26), and then filed a substantially similar amended complaint on August 20, 2024 (ECF No. 31). The Court accepted Plaintiff's August 20, 2024 FAC as the operative pleading. (*See* ECF No. 32.)

Motion to Dismiss the FAC.[6] On September 18, 2024, the Clerk entered default as to Seman-Tov. (ECF entry dated 9/18/2024.) On December 9, Plaintiff filed a Motion for Default Judgment against Seman-Tov, followed by two Amended Motions for Default Judgment that are substantially similar. (ECF Nos. 40-42.) Defendant filed a Cross-Motion to Set Aside Default on December 23, 2024. (ECF No. 44.) Plaintiff filed two briefs in opposition. (ECF Nos. 45, 46.)

## II.   LEGAL STANDARD

Under Rule 55(a), a Plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once a default has been entered, the Plaintiff may then seek the entry of a default judgment—either by the clerk or the court itself— under Rule 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Rule 55(c) allows the Court to provide relief from an entry of default "for good cause shown." When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first. *See, e.g.*, *Gentile*

---

[6] The Court granted the Motion to Dismiss the FAC as to the LBOE Defendants on February 26, 2025. (ECF Nos. 48, 49.)

*Concrete, Inc. v. L&L Redi-Mix, Inc.*, Civ. No. 21-20515, 2022 WL 2753460, at *2-5 (considering motion to vacate entry of default before competing motion for default judgment); *Doe v. City of Jersey City Bd. of Ed.*, Civ. No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022) (finding that "[b]ecause the [e]ntry of [d]efault is vacated, [the] [p]laintiff's [m]otion to [e]nter [d]efault [j]udgment is denied as moot").

### III. DISCUSSION

The United States Court of Appeals for the Third Circuit has instructed courts to consider four factors prior to vacating an entry of default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Restrepo v. State Farm Indem. Co.*, Civ. No. 22-1820, 2023 WL 2266437, at *1 (D.N.J. Feb. 28, 2023) (quoting *Emcasco Ins. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). The Court addresses each factor in turn.

#### A. Prejudice to Plaintiff

Prejudice is established when the defendant's delay hinders the plaintiff's ability to pursue their claim due to a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir.1982)).

Plaintiff has not suggested any hindrance to his ability to pursue his claim, nor is there anything in the record indicating that setting aside the default will result in a loss of evidence or increase the potential for fraud. While Plaintiff will be required to litigate this matter, a delay in realizing satisfaction on a claim does not constitute prejudice sufficient to prevent lifting the default. *Super Laundry Equip. Corp. v. Chan*, Civ. No. 13-7381, 2015 WL 3953887, at *3 (D.N.J. June 29, 2015) (citing *Feliciano*, 691 F.2d at 657); *see also Choice Hotels Int'l, Inc. v. Pennave*

4

*Assocs., Inc*., 192 F.R.D. 171, 174 (E.D. Pa. 2000) (finding that "[t]he fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice"). Because there is no support for a claim of prejudice justifying denial of relief, the Court finds that the first factor weighs in Seman-Tov's favor.

### B.  Meritorious Defense

Second, the Court determines "whether the defendant has a prima facie meritorious defense." *Emcasco*, 834 F.2d at 73. A defense is shown to be meritorious "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). A meritorious defense "can be a defense of any variety—whether a dispute of material fact [;] . . . an affirmative defense; the contention of failure to state a claim; or lack of subject matter jurisdiction . . . ." *Collura v. Ford*, Civ. No. 13-4066, 2016 WL 409228, at *12 (E.D. Pa. 2016). When evaluating whether a defense is meritorious, the Court "need not decide the validity of [the defendant's] arguments" at this stage. *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 123 (3d Cir. 1983). For a motion to vacate an entry of default, it is sufficient that the proffered defense is not "facially unmeritorious." *Emcasco,* 834 F.2d at 74 (3d Cir. 1987);

Seman-Tov asserts that it is prepared to pursue several defenses. For example, Seman-Tov argues that any § 1983 claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. (*See* ECF 44-2 at 17-22.) To state a claim under § 1983, a plaintiff must prove (1) "that the conduct complained of was committed by a person acting under color of state law;" and (2) "that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Seman-Tov contends that Plaintiff fails to allege a constitutional violation as required under § 1983. (ECF 44-

5

2 at 19.) Moreover, Seman-Tov claims to be a private actor not subject to § 1983 claims. (*Id*. at 21) (citing *Black by Black v. Indiana Area Sch. Dist.,* 985 F.2d 707 (3d Cir. 1993) (holding that school bus driver and private bus company were not state actors and therefore not liable under § 1983); *Peronteau v. Gross Sch. Bus Serv., Inc*., Civ. No. 3-5490, 2004 WL 1146660, at *3 (E.D. Pa. May 21, 2004) (holding that the "traditional government function exception" allowing for liability under § 1983 "has been held not to apply to private school bus companies in the Third Circuit").)

Seman-Tov also argues that Plaintiff's claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. According to Seman-Tov, there is no basis for the Court to exercise subject matter jurisdiction based on diversity, nor are Plaintiff's allegations sufficient to assert a claim based on federal question jurisdiction. (*See* ECF 44-2 at 22.) If true, the Court would be foreclosed from adjudicating Plaintiff's federal claim. *See Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006) ("Defendants . . . had a meritorious defense to the action— one that the District Court would have been obligated to consider *sua sponte* before entering default judgment—the lack of subject-matter jurisdiction."); *see also Lee v. Gallina Mecca*, Civ. No. 22-2871, 2023 WL 5814783, at *2 (3d Cir. Sept. 8, 2023) (finding that subject matter jurisdiction defenses which precluded court from entering a judgment against the defendant were facially meritorious); *Pue v. N.J. Transit Corp*., Civ. No. 21-13557, 2022 WL 3025896, at *3 (D.N.J. Aug. 1, 2022), *aff'd*, Civ. No. 22-2616, 2023 WL 2930298 (3d Cir. Apr. 13, 2023) (finding that lack of subject matter jurisdiction to be meritorious and noting "if the Court were deprived of jurisdiction, [it] could not enter default judgment in this case in any event").

At this stage, the Court finds that Seman-Tov has satisfied its burden regarding a meritorious defense, such that, if established at trial, it would constitute a complete defense. Therefore, the second factor also weighs in Seman-Tov's favor.

### C.    Culpability

In determining a defendant's culpability, "[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown.'" *Jones*, 2024 WL 4626404, at *2 (quoting *Westpark Elecs. LLC v. EDealer LLC*, Civ. No. 22-4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023)). Such conduct "may include 'acts intentionally designed to avoid compliance with court notices,' [such as] knowing disregard for court-mandated procedures [or] reckless disregard for repeated communications from the plaintiff or the court." *Super Laundry,* 2015 WL 3953887, at *3 (quoting *Hritz*, 732 F.2d 1178, at 1183). On the other hand, the Third Circuit has found that "innocent mishaps or mere mistakes" do not make a defendant culpable. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006) (collecting cases).

Seman-Tov asserts that its failure to respond was "at most excusable neglect." (ECF No. 44-2 at 28.) Seman-Tov states that while proper service of the Summons and Complaint was effectuated in December 2023, the employee who accepted service "neglected to provide it to management, who would have forwarded it to legal counsel to respond." (*Id*.) In the following months, Seman-Tov received no further notices regarding this matter until receiving Plaintiff's Motion for Default Judgment on December 12, 2024. (*Id*. at 29.) Seman-Tov filed its Cross-Motion eight days later. (*Id*.) Given Seman-Tov's assertions and its prompt action in responding to the Motion for Default Judgment, the Court finds that Seman-Tov did not act willfully or in bad faith. Thus, Seman-Tov's lack of culpability also weighs in its favor.

### D. Alternative Sanctions

Finally, the Court considers "the effectiveness of alternative sanctions." *Emcasco*, 834 F.2d at 73. There is nothing in the record to suggest the need for or availability of alternative sanctions. "Entry of default and default judgments are actions that have conclusory effects. Such actions should be a sanction of last, not first, resort, and courts should try to find some alternative." *Paris v. Pennsauken Sch. Dist.*, Civ. No. 12-7355, 2013 WL 4047638, at *5 (D.N.J. Aug. 9, 2013) (internal citations omitted). Accordingly, this final factor weighs against an entry of default.

Given that all four factors weigh in favor of vacating the entry of default, the Court will grant Seman-Tov's Cross-Motion to Set Aside the Default and will deny Plaintiff's Motion for Default Judgment as moot. *See Stathum v. Nadrowski*, Civ. No. 15-5502, 2016 WL 7411428, at *2 (D.N.J. Dec. 22, 2016) ("The decision to vacate a default is left to the sound discretion of the district court.")

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Seman-Tov's Cross-Motion to Set Aside the Default (ECF No. 44) is **GRANTED** and Plaintiff's Amended Motion for Default Judgment (ECF No. 42) is **DENIED** as moot. An appropriate Order follows.

Dated: April 30, 2025

                                                                **GEORGETTE CASTNER**
                                                                 **UNITED STATES DISTRICT JUDGE**