**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NELSON MAWALLA,<br><br>Plaintiff,<br><br>v.<br><br>LAKEWOOD BOARD OF EDUCATION, *et al.*,<br><br>Defendants. | Civil Action No. 23-02734 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court upon Defendants Lakewood Board of Education, Lori Babiak, and Spruce Street School's (collectively, the LBOE Defendants) Motion to Dismiss (ECF No. 51) and Defendant Seman-Tov, Inc.'s[1] Motion to Dismiss (ECF No. 61) *pro se* Plaintiff Nelson Mawalla's Third Amended Complaint (TAC) (ECF No. 52) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1) and 12(b)(6). Plaintiff opposed. (ECF Nos. 62, 63.) Neither Defendant replied. The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motions to Dismiss are **GRANTED**.

---

[1]     Defendant Seman-Tov, Inc. is improperly pled as Seman-Tov School Bus. (*See* ECF No. 44-3 at 1.)

I.  **BACKGROUND**[2]

    A.  **Procedural Background**

On May 19, 2023, Plaintiff brought this action against the LBOE Defendants and Seman-Tov. (*See* ECF No. 1, 7, 9.) LBOE Defendants moved to dismiss. (ECF No. 20.) The Court granted LBOE Defendants' Motion to Dismiss, finding that Plaintiff failed to (1) identify a federal basis for this Court to exercise subject matter jurisdiction, and (2) state a claim under 42 U.S.C. § 1983. (ECF No. 25 at 4-5.[3])

On August 9, 2024, Plaintiff requested that the Clerk of the Court enter default against Seman-Tov for failure to respond. (ECF No. 28.) On September 18, 2024, the Clerk entered the default as to Seman-Tov. (ECF entry dated September 18, 2024.) Plaintiff subsequently moved for default judgment against Seman-Tov and filed two Amended Motions for Default Judgment. (ECF Nos. 40-42.) In response, Seman-Tov filed a Cross-Motion to Set Aside Default. (ECF No. 44.) On April 30, 2025, the Court entered an Order and Opinion denying Plaintiff's Motion for Default Judgment and granting Seman-Tov's Cross-Motion to Set Aside Default. (ECF Nos. 55 & 56.)

Plaintiff filed his First Amended Complaint (FAC) on August 20, 2024, asserting claims under 42 U.S.C. § 1983 and various state statutes. (ECF No. 31.) On August 23, 2024, the LBOE Defendants filed a Motion to Dismiss the FAC. (ECF No. 33.) The Court granted the LBOE

---

[2] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Defendants' Motion to Dismiss the FAC, finding that Plaintiff again failed to state a claim upon which relief may be granted. (ECF Nos. 48, 49.)

Plaintiff filed a Second Amended Complaint on March 26, 2025. (ECF No. 50.) The LBOE Defendants moved to dismiss on March 28, 2025. (ECF No. 51.) Three days later, on March 31, 2025, Plaintiff filed the TAC. (ECF No. 52.) In response, the LBOE Defendants filed a letter on April 1, 2025, stating that "[u]pon review of this apparent third amended pleading, it is substantially similar to the one that is the subject of the [LBOE Defendants'] pending motion to dismiss[ ]. [The LBOE] Defendants incorporate the arguments set forth in their pending motion to dismiss by reference." (ECF No. 53.) The Court likewise adopts the TAC as the operative pleading. On June 2, 2025, Seman-Tov filed a Motion to Dismiss the TAC. (ECF No. 61.)

**B.     Factual Background**

In his TAC[4], Plaintiff makes two allegations: (1) that his civil rights under the Fourteenth Amendment were "abused by [D]efendants," and (2) "[D]efendants['] action[s] do not abide by [the United States] Constitution." (ECF No. 52 at 2.) The rest of the TAC includes a recitation of various rights and legal duties that appear unrelated to the facts of this case. For example, Plaintiff states that "[p]ursuant [to the] 7th Amendment, Plaintiff is guarantee[d] . . . the right to a jury trial in federal civil cases." (*Id*. at 1.) He also contends that the "14th Amendment to the U.S. Constitution, ratified in 1868, grants citizenship to all persons born or naturalized in the United States . . . and ensures equal protection under the laws, extending the Bill of Rights to the states."

---

[4]     This Opinion presumes familiarity with the Court's previous decisions in this case, (*see* ECF Nos. 25 & 48), which provide a full recitation of facts. Those decisions can also be found at *Mawalla v. Lakewood Bd. of Educ.*, Civ. No. 23-02734, 2024 WL 3361398 (D.N.J. July 10, 2024) and *Mawalla v. Lakewood Bd. of Educ.*, Civ. Civ. No. 23-02734, 2025 WL 624484, at *4 (D.N.J. Feb. 26, 2025).

(*Id*.) Thus, Plaintiff "stress[es] [that] according[ ] to [the United States] [C]onstitution nobody is immune . . . ." (*Id*. at 2.)

Finally, under a section entitled "Legal Duty of Care," Plaintiff provides "a non-exhaustive list of ways to determine if the Defendant owed a duty of care to [ ] [P]laintiff," including: (1) "Defendant engaged in the creation of risk which resulted in [ ] Plaintiff['s] harm;" (2) "Defendant volunteer[ed] to protect [ ] Plaintiff from harm, possibly preventing others from protecting [ ] Plaintiff;" and (3) "Defendant knows or should know that their conduct will harm [ ] Plaintiff[.] A person like Plaintiff should not feel[ ] inferior or [a] low class citizen [because] [the U.S.] Constitution protect[s] him/her." (*Id*.)

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Seman-Tov raises a facial challenge.[5] (ECF No. 61-1 at 7.) A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co*., 67 F. Supp. 2d 424, 438 (D.N.J. 1999). On a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc*., 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021). Regardless of the type of

---

[5]     The LBOE Defendants do not challenge the Court's subject matter jurisdiction in their Motion to Dismiss. (*See* ECF No. 51.)

challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### B.    Rule 12(b)(6) – Failure to State a Claim

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### C.    Rule 8(a) - Pleading Requirements

Rule 8(a) does not require a complaint to contain detailed factual allegations. Still, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original); *see Phillips v. Cnty.*

5

*of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (citation and some quotation marks omitted)).  Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see, e.g.*, *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).  The facial plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Though "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

      D.    *Pro Se* **Leniency**

Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d.Cir 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "'Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  "[P]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Seman-Tov argues that the TAC does not provide any federal basis for the Court's subject matter jurisdiction. (*See* ECF No. 61-1.) The Court agrees. While Plaintiff asserts various rights deriving from the United States Constitution in the TAC, he fails to include factual allegations for this Court to infer that Defendants' conduct violated those constitutional rights. Mere references to the U.S. Constitution, without more, is insufficient to confer subject matter jurisdiction. *See, e.g.*, *Hillman v. Borough of Collingdale*, Civ. No. 22-2260, 2023 WL 2400740, at *2 (3d Cir. Mar. 8, 2023) (finding that the plaintiff's "vague, conclusory allegations" were insufficient to establish subject matter jurisdiction, and that plaintiff's "passing references to § 1983 [do not form a basis for subject matter jurisdiction] as he makes no factual allegations that could conceivably suggest that his federal constitutional rights were violated"); *Kalick v. United States*, 35 F. Supp. 3d 639, 646 (D.N.J. 2014), *aff'd*, 604 F. App'x 108 (3d Cir. 2015) (finding that the plaintiff's assertion of "legal conclusions, unsupported by facts, that his due process rights were violated" was insufficient to confer subject matter jurisdiction); *see also Ctr. for Wildlife Ethics, Inc. v. Clark*, 325 F. Supp. 3d 911, 914–15 (N.D. Ind. 2018) (considering the question of "whether the somewhat haphazard references to the U.S. Constitution in the [plaintiff's] complaint, without more, [confers] subject matter jurisdiction? When faced with similar questions, district courts both inside and outside this circuit have answered this question in the negative, finding any potential federal question non-essential and thus an insufficient basis to confer federal jurisdiction) (collecting cases).

As a result, "the [TAC], on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa*, 67 F. Supp. 2d at 438. That defect alone warrants dismissal of this action under Rule 12(b)(1).

### B. Failure to State a Claim

Additionally, the Court finds that Plaintiff's TAC has failed to cure the pleading deficiencies outlined in the Court's prior decisions and provides only conclusory legal allegations. (*See* ECF Nos. 25 & 48.)

The TAC contains only two allegations that, even when construed liberally, fail to state a claim. Plaintiff alleges that "[pursuant to the 14th Amendment" his civil rights were "abused by [D]efendants" and that "[D]efendants['] action[s] do not abide by [the United States] Constitution," which "ensures equal protection under the laws." (ECF No. 52 at 2.) The Court construes Plaintiff as asserting a claim under the Equal Protection Clause. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a cognizable claim for denial of equal protection under 42 U.S.C. § 1983, a plaintiff must allege that (1) he is a member of a protected class, (2) he was treated differently from similarly situated individuals, and (3) this disparate treatment was based on his membership in the protected class. *Kaul v. Christie*, 372 F. Supp. 3d 206, 254 (D.N.J. 2019) (citing *Kasper v. Cnty. of Bucks*, 514 F. App'x 210, 214-15 (3d Cir. 2013)).

The TAC fails to allege any of these elements. Indeed, Plaintiff's bare assertions do not even provide basic facts such as what injuries were sustained, which specific Defendants were involved, when the alleged wrongful conduct occurred, or any other facts necessary to support a viable claim. *See Silvero v. New Jersey*, Civ. No. 13-6599, 2014 WL 2937933, at *4 (D.N.J. June 30, 2014) (finding that the complaint, consisting of "conclusory statements of law, [and] unsupported by any factual detail," failed to state a claim where plaintiff provided no information regarding dates, identities of individuals, the injuries sustained, or other supporting facts); *Molson v. DiSantis*, Civ. No. 18-351, 2018 WL 5885896, at *2 (W.D. Pa. Nov. 9, 2018) (dismissing a

8

complaint in which a *pro se* plaintiff "provides no averments as to what exactly was done to [the p]laintiff, when it was done, and by whom it was done"); *see also Yu-Chin Chang v. Upright Fin. Corp.*, Civ. No. 19- 18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020) (emphasizing that "a complaint may not indiscriminately attribute wrongdoing to a group of defendants, leaving [the defendants] to guess as to who allegedly did what" and collecting cases).

The remainder of the TAC consists entirely of abstract legal recitations such as "members of society have entered a social contract that includes a duty to not cause harm to other[s]" and the "7th Amendment . . . guarantees Plaintiff the right to a jury trial in federal civil cases where the value in controversy exceeds $20." (ECF No. 52 at 1-2.) While the Court must accept a complaint's well-pleaded facts as true and draw all reasonable inferences in favor of Plaintiff, it may disregard any legal conclusions such as the ones asserted here. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Therefore, based on the foregoing, the Court will dismiss the TAC with prejudice as any further amendment would be futile. *See Sexton v. N.J. Dep't of Corr.*, Civ. No. 21-20404, 2024 WL 4615763, at *19 (D.N.J. Oct. 30, 2024), *aff'd*, Civ. No. 24-3118, 2025 WL 1482788, at *3 (3d Cir. May 23, 2025) (dismissing a *pro se* plaintiff's claims with prejudice when any further amendment would be futile).

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motions to Dismiss (ECF Nos. 51 & 61) are **GRANTED**. Plaintiff's TAC (ECF No. 52) is **DISMISSED** with prejudice with respect to all Defendants. An appropriate Order follows.

Dated: July 11, 2025

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**